<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| REGINAL LEE DAVIS, | : | **Hon. Robert B. Kugler** |
| Plaintiff, | : | Civil No. 12-6128 (RBK) |
| v. | : |  |
| JOSEPH RIPA, et al., | : | <u>OPINION</u> |
| Defendants. | : |  |

**APPEARANCES**:

    REGINAL LEE DAVIS, #265479, Plaintiff <u>Pro Se</u>
    Camden County Correctional Facility
    330 Federal Street
    Camden, New Jersey  08102

<u>KUGLER</u>, District Judge:

    Plaintiff Reginal Lee Davis, a prisoner at Camden County Correctional Facility ("CCCF"), seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant <u>in forma pauperis</u> status to Plaintiff.  Having screened Davis's Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint, and decline to exercise supplemental jurisdiction.

**I.  BACKGROUND**

    Davis asserts violation of his constitutional rights under 42 U.S.C.A. § 1983 against Joseph Ripa, Camden County Freeholder; Eric Taylor, Warden of CCCF; and Christopher Cunningham.   He asserts the following facts:

> I've been detained in CCCF since 5-19-12 upon detention I was assaulted by one Sgt. Celest, and sent back out to Our Lady of Lords Hospital to be sedated.  After my return to CCCF I was placed on 25A where I was deprived showers and movement until I took medication against my will.  Later I was sent to Ancora & medicated against my free will just the same.  I've been assaulted by various officers, evidence has been destroyed.  I'm being denied the right to exist, life & liberty due to the fact duress is being implemented to detain me. Furthermore I'm being denied access to legal research without proper access to legal procedures and so forth without a law library available.  False Imprisonment.

(Dkt. 1 at 6.)

For violation of his constitutional rights, he seeks his "indigenous rights" and to "quash this illegal or illegitimate life" he has been "rendered" and to grant him "immunity."  (Dkt. 1 at 7.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Officials may not be held liable under § 1983 for the unconstitutional

misconduct of their subordinates.  Id. at 677.  Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 678-81.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. at 678 (citations and internal quotation marks omitted); see also Bistrian v. Levy, __ F.3d __, 2012 WL 4335958 *8 (3d Cir. Sept. 24, 2012) ("The touchstone of the pleading standard is plausibility"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).

A.  Federal Claims

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this Complaint, Davis sues a County Freeholder, the Warden, and Christopher Cunningham, whose position is not identified.  Using primarily the passive voce, Davis makes conclusory statements that he "was assaulted" by Sgt. Celest and by "various officers," he was "denied access to legal research," and he was deprived of showers until he agreed to take medication.  (Dkt. 1 at 6.)  While the use of excessive force may be actionable under § 1983, this Complaint does not state an excessive force claim because the word "assault" is conclusory, and Davis does not set forth facts describing what force was used or which officers (other than Celest) used it.  Nor does he explain what happened or provide any context.  Similarly, he states

4

that he was denied access to legal research and an adequate law library, but he presents no factual allegations establishing standing for a First Amendment access to courts claim under § 1983.[1]  As the aforesaid indicates, this Complaint is woefully deficient under Iqbal in that it is chock-full of conclusions and singularly lacking in facts.

Moreover, aside from asserting that he was assaulted by Sgt. Celest, who is not named as defendant, nowhere in Plaintiff's submissions does Plaintiff even mention the defendants by name or show how they were involved in any allegedly unconstitutional conduct.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."  Iqbal, 556 U.S. at 677.  Similarly, government officials, such as a freeholder and warden, cannot be found liable under § 1983 as supervisors on the basis of their alleged knowledge and acquiescence in the wrongdoing of subordinates.  Id.

Because Plaintiff fails to plead facts showing any constitutional violation by any defendant, Iqbal mandates dismissal of the Complaint for failure to state a claim upon which relief may be granted.  See Iqbal, 129 S. Ct. at 1949  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Vasquez v. Dwyer, 2010 WL 1619263 at *1 (3d Cir. Apr. 22, 2010) (affirming dismissal of claim where "Vasquez has not pleaded any facts to support is conclusory allegation that [defendant] destroyed the file

---

[1] To establish standing for an access to courts claim, plaintiffs must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit."  Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted).

and did so willfully"). However, because a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility, and Plaintiff may be able to assert facts stating a cognizable claim under § 1983 by setting forth additional facts, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint stating a cognizable claim under § 1983.[2]  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002).

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[2] If Plaintiff chooses to file an amended complaint, it should be complete on its face because, once an amended complaint is filed, it supercedes the original complaint.

## V.  CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims raised in the Complaint, and decline to exercise supplemental jurisdiction.

                                                    s/Robert B. Kugler
                                                    **ROBERT B. KUGLER, U.S.D.J.**

Dated:     October 17    , 2012